# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE REFUGIO CARBAJAL RAMIREZ,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>GINA JOHNSON, et al.,<br><br>　　　　　　Respondents. | Case No. 2:24-cv-04444-MEMF (AS)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

　　　　The Report recommends the grant of Respondents' motion to dismiss the Petition and the dismissal of this action with prejudice because Petitioner was not in custody when he filed this Petition in May 2024. (ECF No. 21.) Specifically, Petitioner had been removed from the United States in December 2022. (*Id.* at 8.) Petitioner's objections to the Report (ECF No. 22) do not warrant a change to the Report's findings or recommendations.

Petitioner objects that the Report overgeneralized the law as to the "in custody" requirement by eliding the difference between federal immigration custody and state custody. (ECF No. 22 at 7-9.) Specifically, Petitioner objects that the Report relied on cases interpreting the "in custody" requirement for 28 U.S.C. § 2241 cases, whereas this case is a 28 U.S.C. § 2254 case. (*Id*.) This distinction is not persuasive. Petitioner's removal from the United States prior to the filing of this Section 2254 petition meant he was not in custody. *See Chavez v. Superior Court of California*, 194 F. Supp. 2d 1037, 1039 (C.D. Cal. 2002) (summarily dismissing Section 2254 petition where Petitioner had been removed to Mexico prior to filing the petition); *see also Resendiz v. Kovensky,* 416 F.3d 952, 956 (9th Cir. 2005) (immigration consequences such as deportation render a petitioner not in custody for purposes of a Section 2254 petition), *abrogated on other ground by Padilla v. Kentucky*, 559 U.S. 356, 373-75 (2010).

Petitioner objects that the Report erroneously found that Petitioner's physical movements were not restrained after his removal from the United States. (ECF No. 22 at 9-10.) Specifically, Petitioner objects that, when he filed this Petition, he was subject to mandatory supervision in Mexico that required him to submit monthly reports, maintain regular employment, seek approval prior to travel lasting more than 72 hours, submit to searches at any time, and waive extradition. (*Id*.)[1]

---

[1] In California, mandatory supervision is not contemplated for prisoners outside the United States. "[W]hile a prisoner is outside the United States, the mandatory supervision provided for in section 1170, subdivision (h) is not, as a practical matter, possible and was not contemplated by the Legislature when it adopted Realignment." *People v. Arce*, 11 Cal. App. 5th 613, 622 (2017). Here, however, Petitioner mailed, under the terms of his mandatory supervision, monthly reports to the Ventura County Probation Agency beginning in July 2022, when he was released from custody. (ECF No. 15-1 at 2.) Petitioner then was removed to Mexico in December 2022, filed this Petition in May 2024, and had his mandatory supervision officially terminated in September 2024. (ECF No. 12-7 at 7; ECF No. 19 at 5, 36.) Given this record, it is assumed that Petitioner was subject to all the conditions of his mandatory supervision when he filed this Petition while living in Mexico.

These conditions of mandatory supervision do not undermine the Report, which reasonably found that conditions of this type are not sufficiently burdensome to rise to the level of custody. (ECF No. 21 at 7 (collecting cases including *Munoz v. Smith*, 17 F.4th 1237, 1241-42, 1246 (9th Cir. 2021).)  Although Petitioner argues that his conditions of mandatory supervision were like those that were held to amount to custody in *Piasecki v. Court of Common Pleas*, 917 F.3d 161 (3d Cir. 2019), the comparison is inapt.  The Petitioner in *Piasecki* was "required to register in-person with the State Police every three months for the rest of his life," and was required to "appear, in-person, at a registration site" any time he wanted to leave home for more than seven days, travel internationally, change his residence, change his employment, matriculate or end enrollment as a student, add or change a phone number, change ownership of a car, or add or change any email address or online designation, among other things. *Id*. at 164-65, 170.  The Petitioner in *Piasecki* was also permitted no "computer internet use." *Id*. at 170.  Thus, the Petitioner in *Piasecki* "simply confronted far more severe restrictions," and "the statute in *Piasecki* imposed other in-person registration requirements that [Petitioner] has not shown apply to him." *Deck v. California*, 2023 WL 5696531, at *2 (9th Cir. 2023).

Petitioner relatedly objects that he was in custody because he waived his right to oppose extradition to California if he had failed to comply with the conditions of his mandatory supervision. (ECF No. 22 at 10-11.)  What Petitioner describes, however, is only the potential for modification or revocation of his mandatory supervision if he had violated its conditions, which is not sufficiently burdensome to amount to custody.  "[T]his potentiality for future incarceration, dependent entirely on whether [Petitioner] chooses to obey" the terms of his mandatory supervision, does not establish custody. *Williamson v. Gregoire*, 151 F.3d 1180, 1184 (9th Cir. 1998).  "We do not think that the mere potential for future incarceration, without any present restraint on liberty, can satisfy the 'in custody' requirement." *Id*.

3

Petitioner objects that Respondents should be judicially estopped from enforcing the terms of mandatory supervision while taking the inconsistent position in this action that they did not impose any restrictions on Petitioner's liberty and movements. (ECF No. 22 at 12-13.) Because the conditions of mandatory supervision did not amount to custody, Respondents are not judicially estopped from arguing that Petitioner was not in custody when he filed this Petition.

Petitioner objects that Respondents should not be permitted to strip away the constitutional protections of deported criminal defendants simply because immigration authorities were able to deport them before they exhausted their state remedies. (ECF No. 22 at 13-15.) Specifically, Petitioner objects that his opportunity for federal review was cut off because he was removed while he was exhausting state remedies and that he would have been unable to avoid this by filing a protective federal petition with a stay request. (*Id*.) To the contrary, a protective federal petition with a stay request would have been available here. Although Petitioner argues that a stay request would have been available only for a "mixed" petition with both exhausted and unexhausted claims (*id*. at 15), Petitioner is incorrect. A stay request may be filed with a protective federal petition that is fully unexhausted. See *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016).

## ORDER

It is ordered that (1) the Report and Recommendation is accepted and adopted; (2) Respondents' motion to dismiss the Petition is granted (ECF No. 11); and (3) Judgment shall be entered dismissing this action with prejudice.

DATED: August 26, 2025

_____
MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE